KULP & COLLINS *v.* J. B. ENGLISH.

**Judgment—Set-Off Against Judgment.**

Where the judgment plaintiffs are admittedly insolvent, the chancellor has authority to set off against their judgment so much of their indebtedness to defendant as was not litigated in the action resulting in the judgment.

APPEAL FROM BULLITT CIRCUIT COURT.

March 5, 1873.

OPINION BY JUDGE LINDSAY:

The admitted insolvency of appellants Kulp and Collins authorized the chancellor to set-off against their judgment so much of their indebtedness to English as was not litigated in the action resulting in such judgment.

This embraces the amounts paid to the Federal government by English on account of taxes, licenses and penalties due from the old firm, and which appellants had agreed to pay. Also the debts to Kalfus, and the debts to Goodfrey, Wolfe & Co., the whole amounting at the date of the judgment to $574.35.

The claim for $273.15, the difference between the amount of the notes, acts, etc., delivered to English by appellants when they bought him out, and the amount they agreed to deliver to him, appears from the pleadings to have been litigated in the former action. The claim for $90 on account of the debt of Jones Moore was also before the jury, in that suit, and we must assume was considered in making up the verdict. Both these claims should have been rejected.

The petition does not show that due diligence was exercised in the collection of the other claims therein set up, and hence the chancellor properly declined to hold appellants responsible for their loss. For the error in allowing the claims for $273.15 and the Moore debt for $90, the judgment must be reversed. It appears from the exhibit that portions of the judgment in favor of appellants against English were assigned of record to R. H. Fields and Wm. Wilson, attorneys, in payment of their fees for legal services rendered in procuring it. Upon the return of the cause appellee should be required to bring them before the court, and inasmuch as the claims he now asks to be allowed to set off against said judgment might have been asserted in the old suit if he had chosen to set them up. If Wilson & Fields make it appear that the amounts assigned them are not more than were reasonable in view of the services rendered, they can not be affected by the amount of the set-offs herein directed to be allowed.

The cause is remanded for the further preparation indicated, and for a judgment consistent with this opinion.

R. H. Field, for appellants.

A. H. Field, for appellee.